# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| STEVE LINT, | No. 1:17-cv-03079-MKD |
|---|---|
| Plaintiff, | **ORDER GRANTING STIPULATED MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) AND CLOSING FILE** |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 15, 22** |

BEFORE THE COURT is the parties' Stipulated Motion for Remand (ECF No. 22) of the above-captioned matter to the Commissioner for additional administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g). Attorney D. James Tree represents Plaintiff. Attorney Lisa Goldoftas represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 7. After considering the file and proposed order, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Remand (**ECF No. 22**) is **GRANTED**.

ORDER - 1

2. The above-captioned case is **REVERSED** and **REMANDED** to the Commissioner of Social Security for further administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g).

The parties agree on and the Court ORDERS the following terms:

On remand, the Appeals Council will direct the administrative law judge (ALJ) to further develop the record and issue a new decision. The ALJ will (1) reevaluate the medical evidence, including the opinions of Jay M. Toews, Ed.D.; Wendi Wachsmuth, Ph.D.; Chris De Villeneuve, M.Ed.; and State agency medical consultants; (2) obtain appropriate medical expert evidence to provide a longitudinal overview and clarify the nature, severity and limiting effects of Plaintiff's medically determinable mental impairments throughout the period at issue; (3) reevaluate Plaintiff's residual functional capacity during the period at issue and provide a rationale with specific references to the record evidence in support of assessed limitations; (4) reassess Plaintiff's subjective complaints[1]; and

---

[1] In March 2016, the Social Security Administration implemented Social Security Ruling (SSR) 16-4p, 2016 WL 1119029 (Mar. 16, 2016), rescinding SSR 96-7p, 1996 WL 374186 (July 2, 1996) to "eliminate[e] the use of the term 'credibility'" from the ALJ's subjective testimony analysis and "clarify that subjective symptom evaluation is not an examination of an individual's character" or "truthfulness in the manner typically used during an adversarial court litigation." 2016 WL

ORDER - 2

(5) continue the sequential evaluation process, obtaining expert vocational expert testimony as warranted. ECF No. 22 at 1-2.

3. Judgment shall be entered for **PLAINTIFF**.

4. Plaintiff's Motion for Summary Judgment (**ECF No. 15**) is **STRICKEN AS MOOT**.

5. Upon proper presentation, this Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to enter this Order, **enter Judgment**, forward copies to counsel, and **CLOSE THE FILE**.

DATED December 1, 2017.

> _s/Mary K. Dimke_
> MARY K. DIMKE
> UNITED STATES MAGISTRATE JUDGE

---

119029, at *1-10. Though the ALJ rendered her October 28, 2015 decision under SSR 96-7p, on remand, SSR 16-3p shall control.

ORDER - 3